IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTATE OF BALJIT SINGH, et al.,

    Plaintiffs,   No. CIV 2:09-cv-1439-FCD-JFM

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.   <u>ORDER</u>

                                    /

        On August 26, 2010, the court held a hearing on defendants' motion to inspect confidential records. At the hearing, plaintiffs expressed their non-opposition to the motion, but did raise the issue of the court's jurisdiction to order release of the confidential records. On November 4, 2010, the court held a further telephonic hearing on the matter. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

        This action was filed on behalf of decedent Baljit Singh's estate, his wife and four minor children on May 22, 2009 following Baljit Singh's death by suicide while housed at the Sacramento County Mail Jail. (Compl. at 2.) Plaintiffs assert decedent Singh's death was a result of a deficient suicide prevention program, inadequate staffing, inadequate supervision, defective policies, the failure to summon urgent medical care and the failure to properly monitor and protect when defendants had actual and constructive knowledge of the decedent's psychotic

and depressive conditions. Plaintiffs' claims include (1) deliberate indifference to serious medical needs, health and safety pursuant to 42 U.S.C § 1983; (2) an unconstitutional policy pursuant to 42 U.S.C. § 1983; (3) unconstitutional practices pursuant to 42 U.S.C. § 1983; (4) supervisor liability pursuant to 42 U.S.C. § 1983; and (5) wrongful death pursuant to Cal. Code of Civ. P. § 377.60 *et seq.* Plaintiffs allege that they have suffered pecuniary and non-pecuniary damages including but not limited to loss of financial support, society, companionship, comfort, care, solace and protection.

Defendants assert that plaintiffs' allegations of a close-knit family are belied by two state court parentage actions (case number 06FS04832 and 99FS04931).[1] Generally, the records for such actions are deemed confidential pursuant to California Family Code § 7643.[2] However, they "are subject to inspection only in exceptional cases upon an order of the court for good cause shown." Cal. Fam. Code § 7643(a). Defendants allege that these cases may contain vital information regarding the financial support decedent provided to the plaintiffs, the custody arrangement of the plaintiff children, the level of support plaintiffs received from Sacramento County, and the disposition toward at least two of the plaintiffs. Defendants claim these facts

---

[1] Defendants assert that in Sacramento Superior Court case number 06FS04832, the County of Sacramento filed an action against decedent's wife concerning support obligations and to recoup welfare benefits being paid to one of the plaintiff children. (Tyler Decl., ¶ 4.) Defendants further assert that in Sacramento Superior Court case number 99FS04931, the County of Sacramento filed an action to establish paternity of the decedent as to one of the plaintiff children. (Id.)

[2] That section provides, in relevant part,

> Notwithstanding any other law concerning public hearings and records, a hearing or trial held under this part may be held in closed court without admittance of any person other than those necessary to the action or proceeding. Except as provided in subdivision (b), all papers and records, other than the final judgment, pertaining to the action or proceeding, whether part of the permanent record of the court or of a file in a public agency or elsewhere, are subject to inspection only in exceptional cases upon an order of the court for good cause shown.

Cal. Fam. Code § 7643(a).

may directly impact the potential damage award for the loss of financial support, companionship, comfort, care and protection. Defendants assert that this constitutes "exceptional" circumstances warranting inspection.

Because plaintiffs do not oppose the defendants' motion to inspect confidential records, plaintiffs' counsel may file a request in the state court to obtain the records sought by defendants. See Cal. Fam. Code § 7643(b). That section provides:

> Papers and records pertaining to the action or proceeding that are part of the permanent record of the court are subject to inspection by the parties to the action, their attorneys, and by agents acting pursuant to written authorization from the parties to the action or their attorneys. An attorney shall obtain the consent of the party to the action prior to authorizing an agent to inspect the permanent record. An attorney shall also state on the written authorization that he or she has obtained the consent of the party to authorize an agent to inspect the permanent record.

Based thereon, the undersigned need not reach the question of the jurisdiction of this court to order the release of the confidential documents.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' August 4, 2010 motion to inspect confidential records is denied without prejudice;

2. Plaintiffs shall seek an order for inspection from the appropriate state court pursuant to Cal. Fam. Code § 7643; and

---

[3] While section 7643(a) provides that inspection of confidential records may be allowed "upon an order of the court for good cause shown," California Family Code § 200 defines "the court" to mean the superior court. See Cal. Fam. Code § 200 ("The superior court has jurisdiction in proceedings under this code"). Other courts faced with a similar situation have declined to order the state court to release such records. See Knight v. McDaniel, 2001 WL 87436, *1 (N.D. Okla. 2001) ("The state courts regularly consider requests to release "confidential juvenile records," and are therefore in a position to easily address the state court issues which were instrumental in the initial classification of the documents which Defendant seeks as confidential"); U.S. v. Pretlow, 770 F. Supp. 239, 244 (D.N.J. 1991) (confidential juvenile records belong to the state and under principles of federalism and comity the state court should determine whether the records should be released); Cancel v. Goord, 2007 WL 3130201, at *2 (S.D.N.Y. 2007) (ordering release of confidential family court documents only after determining that statutory and case law authorize the federal court to do so).

3. This matter is set for further hearing at 11:00 a.m. on December 16, 2010 in a courtroom to be assigned. The court will expect a report from Plaintiffs' counsel on the results of his efforts. This hearing may be dropped from calendar at the request of all counsel.

DATED: November 16, 2010.

                                               UNITED STATES MAGISTRATE JUDGE

/014;sing1439.jo

4