UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BALJIT SINGH, deceased, by and through PRABJIT SINGH DHANDA, JASJIT KAUR DHANDA, SUKHJIT KAUR DHANDA and DAVANJIT SINGH DHANDA (minors through their mother and guardian ad litem Amarjit Singh) and AMARJIT SINGH as successors in interest; PRABJIT SINGH DHANDA, Individually; JASJIT KAUR DHANDA, Individually; SUKHJIT KAUR DHANDA, Individually; DAVANJIT SINGH DHANDA, Individually; and AMARJIT SINGH, Individually,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF SACRAMENTO; Sacramento County Sheriff JOHN MCGINNESS; Sacramento County Main Jail Commander SCOTT JONES; Sacramento County Sheriff's Department Chief of Correctional and Court Services JAMIE LEWIS; Sacramento County Chief of Correctional Health Services ANNMARIE BOYLAN; Sacramento County Jail System Medical Director Dr. PETER DIETRICH; UC Davis Department of Psychiatry Chair DR. ROBERT HALES; Clinical Direct of Jail Psychiatric Services PAUL HENDRICKS; Medical Director of Jail Psychiatric Services DR. GREGORY SOKOLOV; L. MICHAEL TOMPKINS; and Does 1 to 40, inclusive,<br><br>    Defendants. | **CASE NO. 2:09-CV- 1439 JAM JFM**<br><br>**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER**<br><br>**The Honorable John F. Moulds** |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties hereby designate documents as "confidential" under the terms of this Stipulation for Protective Order

(hereinafter "Order").  The documents protected pursuant to this Order have not been made public and the disclosure of said documents would have the effect of causing harm.

2. The documents eligible for protection under this order include:

   A. Medical information regarding a third party, including but not limited to inmate medical records. Production of such documents would violate a third party's right to privacy.

   B. Confidential minutes/agendas from various Sacramento County Main Jail meetings which would reveal the deliberations, communications and pre-decisional mental process made in regard to the quality assurance for medical and mental health care provided to the inmates. The meetings are private and not open to the public. The minutes from the meetings remain confidential and are not disseminated to the public. The minutes contain confidential opinions, suggestions or recommendations regarding quality of medical and mental health care to inmates that should be protected.

   C. A third party's personnel file. Production of such documents would violate a third party's right to privacy.

   D. Sacramento County Main Jail training materials regarding the main jail operations, which include intelligence training. Production of such documents would compromise the safety and security of the main jail, employees and inmates.

3. By designating documents as "confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

4. Documents produced by a party shall be designated by the party as "confidential" by bates stamping copies of the document with the word "CONFIDENTIAL". The producing party shall also watermark and/or affix legends to such documents using the words "CONFIDENTIAL - SUBJECT TO COURT ORDER."

5. Documents designated as "confidential" under this Order (hereinafter, "Confidential Material"), the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel and independent office services vendors hired by such counsel). Confidential Material may be provided to any expert retained for consultation and/or trial. In the event that Confidential Material is given to an expert, counsel that retained the expert shall provide a copy of this Order with the Confidential Material.

7. The Confidential Material produced pursuant to this Order will be redacted with respect to (i) social security numbers; (ii) dates of birth; (iii) financial information (including financial account numbers); and (iv) in all circumstances when federal law requires redaction. Each redaction must be identified by showing what information has been redacted (*e.g.*, "social security number," etc.) This provision complies with Eastern District Local Rule 140.

8. If a party would like to use Confidential Material in Court filings, at least seven (7) days notice shall be given to all parties. All parties shall comply with the requirements of Eastern District Local Rule 141, in the event that a party would like Confidential Material to be sealed.

9. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding in this action, it shall not lose its confidential status through such use.

10. This Order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

11. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

12. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

13. This Order shall survive the final termination of this action, to the extent that the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed

hereunder.  Counsel for the parties shall destroy all Confidential Material in their possession, custody, or control within 180 (one hundred eighty) days of final termination of this action, which shall be deemed to occur only when final judgment has been entered and all appeals have been exhausted.

**IT IS SO STIPULATED.**

Dated:  September 30, 2011         LAW OFFICE OF STEWART KATZ

              By: /s/ Stewart Katz                            .
                STEWART KATZ
                Attorneys for Plaintiffs


Dated:  September 30, 2011         LAW OFFICE OF JOSEPH C. GEORGE

              By: /s/ Joe George                              .
                JOSEPH C. GEORGE, SR.
                Attorneys for Plaintiffs


Dated:  September 30, 2011         LONGYEAR, O'DEA & LAVRA, LLP

              By: /s/ Jennifer Marquez                    .
                VAN LONGYEAR
                JENNIFER MARQUEZ
                Attorneys for Defendants,
                County of Sacramento, John McGinness,
                Scott Jones, Jamie Lewis, AnnMarie Boylan


Dated:  September 30, 2011         RIVERA & ASSOCIATES

              By: /s/ Jesse Rivera                              .
                JESSE M. RIVERA
                Attorneys for Defendant,
                Peter Dietrich

| | |
|---|---|
| Dated:  September 30, 2011 | WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP |
| | By: /s/ Robert Tyler                              . |
| | ROBERT F. TYLER, JR. |
| | Attorneys for Defendants, |
| | Robert Hales, Paul Hendricks, |
| | Gregory Sokolov, L. Michael Tompkins |

The undersigned has considered the stipulated protective order filed and signed by all parties on September 30, 2011.

**IT IS SO ORDERED.**

DATED: October 11, 2011.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

/014;sing1439.po