IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTATE OF BALJIT SINGH, et al.,

    Plaintiffs,                   No. CIV 2:09-cv-1439-JAM-JFM

  vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.            <u>ORDER</u>

                                      /

        On November 10, 2011, the court held a discovery conference on plaintiffs' pending discovery motions. <u>See</u> Doc. Nos. 70, 73-76. Stewart Katz and Guy Danilowitz appeared on behalf of plaintiffs. Defense counsel Robert Tyler, Jennifer Marquez and Jesse Rivera were also present. Upon review of the motions, discussion with counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        On September 29, 2011, plaintiffs filed six motions to compel responses to subpoenas for production of documents. The subpoenas were mailed to U.C. Davis Medical Center and defendants County of Sacramento[1], Paul Hendricks, Gregory Sokolov, Michael Tompkins and Robert Hales. At issue are the production of the minutes of a meeting held on July 10, 2008 during which decedent's suicide was allegedly discussed. Defendants object to plaintiffs' request on grounds of the "peer review" privilege, the work-product doctrine and the attorney-client privilege.

---

[1] On November 3, 2011, plaintiffs withdrew their motion as to County of Sacramento.

1

1 In light of <u>Agster v. Maricopa County</u>, 422 F.3d 836, 839-40 (9th Cir. 2005), defendants concede that the minutes of the July 10, 2008 meeting are not protected from disclosure by California Evidence Code § 1157 under the "self-critical analysis" or "peer review" privilege. Accordingly, this objection is overruled.

Insofar as defendants rely on the work-product doctrine to object to the production of the meeting minutes, this doctrine is inapplicable.

Lastly, defendants assert that the meeting minutes are protected by the attorney-client privilege. They state that counsel's presence at the meeting renders the minutes privileged. Upon review of the joint discovery statement and discussion of counsel, the court find that the privilege applies only to those portions of the minutes wherein counsel gave legal advice. As to the remaining portions of the minutes, the attorney-client privilege does not apply and those portions are discoverable.

Based on the foregoing, IT IS HEREBY ORDERED that plaintiffs' motions to compel (Doc. Nos. 70, 73-76) are partially granted. Robert Tyler (counsel for defendants Hales, Hendricks, Sokolov and Tompkins) shall confer with plaintiffs' counsel and redact those portions of the meeting minutes that he thinks are appropriately subject to the attorney-client privilege. If counsel cannot agree as to which portions of the minutes should be redacted pursuant to that privilege, they shall file a notice with the court that includes the redacted minutes and the parties' respective positions.

DATED: November 15, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;sing1439.disc2