UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BALJIT SINGH, deceased, by and through PRABJIT SINGH DHANDA, JASJIT KAUR DHANDA, SUKHJIT KAUR DHANDA and DAVANJIT SINGH DHANDA (minors through their mother and guardian ad litem Amarjit Singh) AMARJIT SINGH as successors in interest; PRABJIT SINGH DHANDA, Individually; JASJIT KAUR DHANDA, Individually; SUKHJIT KAUR DHANDA, Individually; and DAVANJIT SINGH DHANDA, Individually, | Case No.  2:09-CV-01439-JAM-JFM  **ORDER** |

Plaintiffs,

v.

COUNTY OF SACRAMENTO; Sacramento County Sheriff JOHN McGINNESS; Sacramento County Main Jail Commander SCOTT JONES; Sacramento County Sheriff's Department Chief of Correction and Court Services JAMIE LEWIS; Sacramento County Chief of Correctional Health Services ANNMARIE BOYLAN; Sacramento County Jail System Medical Director DR. PETER DIETRICH; UC Davis Department of Psychiatry Chair DR. ROBERT HALES; Clinical Director of Jail Psychiatric Services PAUL HENDRICKS; Medical Director of Jail Psychiatric Services DR. GREGORY SOKOLOV; L. MICHAEL TOMPKINS; DONNA L. CHAMPEAU; and Does 1 to 40, inclusive,

Defendants.

The motion of defendants ROBERT HALES, M.D.; GREGORY SOKOLOV, M.D.; L. MICHAEL TOMPKINS, ED.D., and PAUL HENDRICKS, R.N. for an order allowing communication via deposition with past or present caregivers at Visions Unlimited familiar with the care and treatment that Visions Unlimited (hereinafter "Visions") provided to decedent Baljit Singh came regularly on for hearing before the undersigned on November 10, 2011. After consideration of the argument of counsel, the papers on file in this action, and good cause appearing, it is hereby ordered that:

1. The defendants in this action shall be allowed to take the depositions of past and/or present personnel at that psychiatric outpatient facility known as Visions Unlimited on the following discrete topics:

 (a) Any and all contacts made by the family of decedent Baljit Singh with Visions regarding decedent Baljit Singh's incarceration at the Sacramento County Jail in and around March of 2008;

 (b) Those medications prescribed by Visions for decedent Baljit Singh in years 2006 through 2008 inclusive; and

 (c) Clinic visits by the decedent at Visions in years 2007 and 2008.

 (d) Deposition of ex-Visions employee Sundia Singh on the topics of her interactions and/or conversations with decedent Baljit Singh and/or members of the plaintiffs' family.

2. Said depositions are to be duly noticed, open to all parties in this action. The transcripts of those depositions will be deemed "confidential" under the terms of this protective order (hereinafter "Order"), as the documents protected pursuant to this Order have not been made public, and the disclosure of said documents are found by the court to have the potential effect of violating the decedent's rights to privacy under HIPAA.

3. The documents eligible for protection under this order include:

 (a) Medical and mental health care information regarding plaintiffs' decedent Baljit Singh, which could potentially violate decedent Singh's rights under HIPAA;

 (b) Depositions taken of past or present caregivers at Visions Unlimited who

- 2 -

1  either directly provided care to decedent Baljit Singh and/or who are the "persons most
2  knowledgeable" at Visions regarding the discrete topics enumerated in No. 1(a)-(b) above (the
3  areas of inquiry to be allowed herein).

4      4.  The depositions to be authorized and taken pursuant to this Order shall be
5  designated by the parties taking same as "confidential" by Bates Stamping copies of the
6  document with the word "CONFIDENTIAL – Subject to Court Order."

7      5.  Documents designated as "CONFIDENTIAL" under this Order (hereinafter,
8  "CONFIDENTIAL MATERIAL"), the information contained therein, and any summaries, copies
9  abstracts or other documents derived in whole or in part from materials so designated as
10  confidential shall be used only for the purpose of this action and for no other.

11      6.  CONFIDENTIAL MATERIAL produced or generated pursuant to this Order may
12  be disclosed or made available only to counsel for a party (including the paralegals, clerical and
13  secretarial staff employed such counsel and independent office services or vendors hired by such
14  counsel).  CONFIDENTIAL MATERIAL may be provided to any expert retained by the parties
15  for consultation and/or trial in this matter.  In the event that CONFIDENTIAL MATERIAL is
16  given to an expert, the counsel that retains that expert, shall provide a copy of this Order along
17  with any form of CONFIDENTIAL MATERIAL that has been authorized by this Order.

18      7.  The CONFIDENTIAL MATERIAL produced pursuant to this Order will be
19  redacted, as applicable, with respect to (i) Social Security Numbers; (ii) dates of birth; (iii)
20  financial information (including financial account numbers); and (iv) in any other circumstances
21  in which federal law requires redaction.  Each redaction must be identified by showing what
22  information has been redacted (e.g., "Social Security Number," etc.).  This provision complies
23  with Eastern District Local Rule 140.

24      8.  All parties shall comply with the requirements of Eastern District Local Rule 141,
25  should CONFIDENTIAL MATERIAL be included in any papers to be hereinafter filed with the
26  court.

27      9.  Nothing in this Order shall in any way limit or prevent CONFIDENTIAL
28  MATERIAL from being used in any deposition or other proceeding in this action.  In the event

1  that any CONFIDENTIAL MATERIAL is used in any deposition or other proceeding in this
2  action, it shall not lose its confidential status through such use.

3      10.    This Order is entered for the purpose of facilitating the discovery of information
4  which is reasonably calculated to lead to the discovery of admissible evidence herein, without
5  involving the court unnecessarily in that process.  Nothing in this Order, or in the production or
6  generation of any document under the terms of this Order shall be deemed to have the effect of an
7  admission or waiver of any party, or of altering the inherent confidentiality or non-confidentiality
8  of any involved document.

9      11.    Nothing in this Order shall in and of itself require disclosure of information
10 protected by the attorney client privilege, work product doctrine, or any other privilege, doctrine
11 or immunity, nor does anything in this Order, result in any party giving up its right to argue that
12 otherwise privileged documents or information must be produced due to waiver or for any other
13 reason.

14     12.    If CONFIDENTIAL MATERIAL produced in accordance with this Order is
15 disclosed to any person other than in the manner authorized by this Order, the party responsible
16 for that disclosure shall immediately bring all pertinent facts relating to that disclosure to the
17 attention of all counsel of record herein, and, without prejudice to other rights and remedies
18 available to the producing party, make every effort to obtain the return of that disclosed
19 CONFIDENTIAL MATERIAL, and to prevent the further disclosure of that CONFIDENTIAL
20 MATERIAL by the person who was the recipient of that information.

21     13.    This Order shall survive the final termination of this action, to the extent that the
22 CONFIDENTIAL MATERIAL is or does not become known to the public.  The court shall retain
23 jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder.
24 Counsel for the parties shall destroy all CONFIDENTIAL MATERIAL generated under the terms
25 and conditions of this Order which are in their possession, custody or control within one hundred
26 /////
27 /////
28 /////

- 4 -

1  eighty (180) days of final termination of this action, which shall be deemed to occur only when
2  final judgment has been entered and all appeals have been exhausted.
3      **IT IS SO ORDERED.**
4  DATED: November 15, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;sing1439.po