IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTATE OF BALJIT SINGH, et al.,

    Plaintiffs,                    No. CIV 2:09-cv-1439-JAM-JFM

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.                <u>ORDER</u>

/

        On July 26, 2012, the court held a discovery conference on plaintiffs' June 15, 2012 motion to compel. Stewart Katz appeared on behalf of plaintiffs. Defense counsel Sarah Scott and Natasha Langenfeld were also present. Upon review of the motion, discussion with counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        This action arises out of the suicide of decedent Baljit Singh at the Sacramento County Mail Jail while in custody of the defendants. By way of their motion to compel, plaintiffs seek an opportunity to depose defendants' expert, Lindsay Hayes, for an additional hour. They also seek an order directing Hayes to respond to questions defense counsel forbade him to answer, which include (a) questions regarding his being employed to testify at deposition or at trial by an agency for whom he had previously provided a technical assistance report from over four years ago, (b) questions regarding the total number of times that Hayes had previously

been retained as an expert witness to testify at trial or deposition from over four years ago, and (c) questions regarding Hayes's billing statements from Hayes's previous work with defense counsel in other litigation.

As to the length of Hayes's deposition, Hayes was deposed on June 7, 2012 in Boston, MA. The deposition was scheduled ahead of time to run from 9:30 a.m. to 3:30 p.m. It in fact started at 9:33 a.m. and ended at 3:38 p.m. with two breaks in-between. Hayes was thus deposed for approximately 6 hours. Plaintiffs now seek to depose Hayes for an additional hour. See Fed. R. Civ. P. 30(d)(1). Defendants oppose this request unpersuasively. Accordingly, this request will be granted.

Regarding the scope of questions that plaintiffs may ask Hayes and to which Hayes must respond, the court finds that defense counsel improperly instructed Hayes not to answer. Pursuant to Federal Rule of Civil Procedure 30(c)(2), "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." There is no suggestion that Hayes's responses to the questions posed by plaintiffs were subject to a limitation imposed by this court or that plaintiffs' questions were asked in "bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party," Fed. R. Civ. P. 30(d)(3). Insofar as defendants assert a privacy privilege as to Hayes's salary, the court does not find that such information is protected. See Fed. R. Civ. P. 26(a)(2)(B); Fed. R. Civ. P. 26, 1993 advisory committee notes. See also Silgan Containers v. National Union Fire Ins., 2011 WL 1058861 (N.D. Cal. 2011); Mendez v. Unum Provident Corp., 2006 WL 167663 (N.D. Cal. 2006); Rogers v. U.S. Navy, 223 F.R.D. 533 (S.D. Cal. 2004). Because defendants were not entitled to prevent Hayes from responding to plaintiffs' questions, plaintiffs' motion will be granted in its entirety.

/////
/////
/////

Based on the foregoing, IT IS HEREBY ORDERED that plaintiffs' motion to compel is granted. Plaintiffs are granted leave to conduct by telephone the deposition of Lindsay Hayes for an additional hour. Defense counsel shall not prevent Hayes from testifying, except as authorized pursuant to Federal Rule of Civil Procedure 30(c)(2).

DATED: July 30, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;sing1439.disc3